**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY HOLLAND,

    Petitioner,

v.

J. BALTAZAR,

    Respondent.

No. 3:17-CV-1301

(Judge Brann)

## MEMORANDUM OPINION

### MARCH 28, 2019

Presently before the Court is a petition for writ of corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner, Jeffrey Holland ("Holland"), an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania. For the following reasons, the Court will deny the petition.

**I.**  **Background**

On June 6, 2001, Holland, and numerous other defendants, were indicted in the United States District Court for the Middle District of Pennsylvania, of various counts of drug and firearm violations. *See United States v. Anderson*, Criminal Docket No. 1:01-CR-00195. The counts against Holland have been summarized by the United States Court of Appeals for the Third Circuit Court of Appeals as follows:

> [O]n October 15, 2002...a jury verdict convict[ed]...Holland... on three of the four counts of the second superseding indictment in this case. In particular, the three counts on which the jury convicted him were as follows: Count I, intentionally and knowingly manufacturing,

> distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base...and aiding and abetting counseling, commanding, inducing, and procuring the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count II, intentionally and knowingly using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and Count V, conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base...in violation of 18 U.S.C. § 846. In addition, he was charged in Count IV with causing the death of Jason Harrington through the use of a firearm used during and in relation to drug trafficking and a drug trafficking conspiracy in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2. The jury, however, deadlocked on that count and the court later dismissed it.

*See United States v. Holland*, No. 02-4005, 75 Fed. Appx. 878, 2003 WL 22183555,*1 (3d Cir. 2003).

Holland's § 924(c) conviction arose from a witness statement that in 1999 Holland had traded a silver handgun for crack cocaine and cash. (*See Holland v. Holt*, 4:CV-09-329, Doc. 12-2, Ex. B, Excerpt from Pre-sentence Report at ¶ 26 (2/20/2009) (Muir, J.)). The witness also testified that Holland test fired the gun, after which, the witness was then given eighty dollars' worth of crack cocaine and one hundred dollars in cash. *Id.*

On October 15, 2002, following a jury trial, Holland was convicted of intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, aiding and abetting counseling, commanding, inducing, and procuring the same; intentionally

and knowingly using a firearm in furtherance of a drug trafficking crime; and conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base. *See Holland*, 2003 WL 22183555, *1. He was sentenced to two consecutive life sentences, together with a sixty-month term of imprisonment for the § 924(c) conviction. *Id.*

On October 21, 2002, Holland filed a direct appeal to the United States Court of Appeals for the Third Circuit. *Id.* Specifically, he argued that the evidence was insufficient to "prove beyond a reasonable doubt the offense of Conspiracy to Distribute 50 grams or more of crack cocaine" and that the court erred in giving supplemental instructions to the jury that were misleading and inaccurate. *See Holland*, 2003 WL 22183555, *1. Holland contended he was entitled to a new trial on the conspiracy and distribution counts due to the supplemental jury instructions. *Id.* Upon review, the appellate court found affirmed the judgment of the district court. *Id.* at * 4.

On December 23, 2003, Holland filed a petition for writ of certiorari to the United States Supreme Court, which was denied on March 3, 2004. *See Holland v. United States*, 540 U.S. 1205 (2004).

On February 2, 2005, Holland filed a motion to vacate under 28 U.S.C.§ 2255, which was denied on May 24, 2005. *See Holland v. United States*, 2005 WL

1229733 (M.D. Pa. May 24, 2005). On October 6, 2005, the Third Circuit denied Holland's request for a certificate of appealability.

On January 19, 2007, Holland filed a pro se document entitled "Hold Motion in Abeyance", which the district court treated as an attempt to file a motion litigating a challenge to his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). *See Holland v. United States*, No. 1:01-cr-00195 (M.D. Pa. Jan. 5, 2007) (Caldwell, J.)). On February 5, 2007, the motion was denied, and Holland was advised that the claim had to be brought in a § 2255 motion for which permission was required from the Third Circuit. *Id.*

On November 23, 2007, Holland filed a "Motion for Equitable Relief" pursuant to Fed. R. Civ. P. 60(b)(6) as well as Article III of the Constitution. *See Holland v. United States*, No. 1:01-cr-00195 (M.D. Pa. Dec. 4, 2007) (Caldwell, J.)). The Court determined that district courts do not have inherent equitable power under the Constitution to revise their judgments at will. *Id.* The Court further found that Holland's claims, attacking the validity of his conviction, were more appropriately raised in a § 2255 motion, which the district court lacked jurisdiction to consider, without the Third Circuit's approval. *Id.* Therefore, the Court dismissed his motion. *Id.*

On February 20, 2009, Holland filed *Holland v. Holt*, Civil No. 4:CV-09-0329, in this Court, challenging his conviction pursuant to 28 U.S.C. § 2241. Specifically, he challenged his firearm conviction under 18 U.S.C. § 924(c)(1), pursuant to the United States Supreme Court's mandate in *Watson v. United States*, 552 U.S. 74 (2007), which Holland claims determined that the conduct he was convicted of was now non-criminal conduct. *Id.*

By Order dated July 20, 2009, the petition was dismissed for lack of jurisdiction. *Id.* Specifically, this Court found the following:

> To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. *Id.* at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. *Galante*, 437 F.2d at 1165.
>
> It is the petitioner's burden to prove that § 2255 would be an adequate or ineffective remedy. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)). Holland has not met this burden. Moreover, Holland does not state that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Holland would be granted permission by the Third Circuit to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Holland's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right petitioner may have to seek leave to file a second or successive § 2255 motion.

*Holland v. Holt*, Order of July 20, 2009 at pp. 8-9. On March 17, 2010, Holland filed a motion for reconsideration, which was denied as untimely by Order dated April 14, 2010. *Id*.

On May 10, 2010, Holland filed a Notice of Appeal, challenging this Court's April 14, 2010 Order denying his motion for reconsideration as untimely. *Id*.

By Order dated December 9, 2010, the Third Circuit affirmed this Court's April 14, 2010 Order. *Holland v. Holt*, 210 WL 5018169 C.A. 3 (Pa.).

On February 8, 2011, Holland filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Holland v. Holt*, Civil No. 4:CV-11-0269 (2/80/2011) (Muir, J.). The petition once again challenged Holland's firearm conviction under 18 U.S.C. § 924(c)(1), pursuant to the United States Supreme Court's mandate in *Watson v. United States*, 552 U.S. 74 (2007).

By Memorandum and Order dated April 29, 2011, the petition was dismissed as a successive petition, pursuant to 28 U.S.C. § 2244 (a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof. *Id*.

On May 10, 2011, Holland filed a Notice of Appeal, challenging this Court's April 29, 2011 Memorandum and Order dismissing his petition. *Id*. By Order dated

March 6, 2012, the Third Circuit affirmed this Court's April 29, 2011 Memorandum and Order. *Holland v. Holt*, No. 11-2271 (3d Cir. 2013).

On December 7, 2011, Holland a third petition for writ of habeas corpus. *See Holland v. Holt*, Civil No. 3:CV-11-2261 (12/07/2011) (Nealon, J.). Petitioner requested that his conviction and life sentence imposed in 2002 be vacated based upon the enactment of the Fair Sentencing Act ("FSA"). *Id*. Specifically, Petitioner claimed that "pursuant to the Fair Sentencing Act of 2010, Petitioner's mandatory life sentence is not a sentence authorized by § 841(b)(1)(B), and a conviction under that section cannot be obtained based on a charge of 50 grams of cocaine base", and "for these reasons, Petitioner's current conviction and sentence are unlawful and contrary to applicable law." *Id*. By Memorandum and Order dated July 11, 2013, the petition for writ of habeas corpus was denied, and his appeal, filed on July 22, 2013, was dismissed on September 10, 2013, for failure to timely prosecute. *Id*.

On January 27 and March 10, 2017, Holland filed applications for leave to file a successive motion to vacate sentence under 28 U.S.C. § 2255 with the Third Circuit. By Order dated February 28, 2017, the Court of Appeals denied Holland's January 27, 2017 application for leave to file a second or successive petition to vacate sentence under 28 U.S.C. § 2255, holding that the Supreme Court's decision in *Watson v. United States,* 552 U.S. 74 (2007), did not announce a new rule of

constitutional law, but instead involved an issue of statutory interpretation. (Doc. 12-1 at 4, Order).

By Order dated April 14, 2017, the Third Circuit denied Holland's March 10, 2017 application. (Doc. 12-1 at 2, Order). The Court of Appeals found that Holland had not made a *prima facie* showing that his claim relies on "newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3)(C). (*Id.*).

Petitioner now returns to this Court, with the filing of his fourth petition for writ of habeas pursuant to 28 U.S.C. § 2241. (Doc. 1). He seeks to have his conviction on Count Three, using and possessing a firearm during and in relation to a drug trafficking offense, vacated based upon the 2007 decision of the United States Supreme Court in *Watson v. United States*, 552 U.S. 74 (2007). He argues that under *Watson,* the Supreme Court subsequently determined that a person who trades drugs for a gun does not "use" a firearm during and in relation to a drug trafficking crime for purposes of 18 U.S.C. § 924(c). *See Watson v. United States,* 552 U.S. 74

(2007). As such, he claims that *Watson* is an intervening change in substantive law that now decriminalizes his conduct with respect to Count Three, and that his conviction on this count should be vacated. He maintains that he is entitled to pursue his claim by way of the instant § 2241 habeas petition because he had no earlier opportunity to challenge his conviction on this basis, and relief pursuant to a § 2255 motion is foreclosed.

**II.    Discussion**

   **A.    Availability of § 2241 Remedy**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir.2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255; *Dorsainvil*, 119

F.3d at 251–52. The inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." *Okereke*, 307 F.3d 120, citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir.2002) (per curiam). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See Dorsainvil*, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. *Cradle*, 290 F.3d at 539; *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir.2000); *Dorsainvil*, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971).

Petitioner argues that the safety-valve provision of § 2255 as discussed in *Dorsainvil* covers his situation because, like the petitioner in *Dorsainvil,* he is in the position of not having an earlier opportunity to challenge his conviction and sentence for a crime that an intervening change in substantive law may negate. Specifically, the *Watson* case was not decided at the time he filed his earlier § 2255 motions, and his subsequent request with the Third Circuit to file a second or successive § 2255

motion raising the *Watson* challenge has been denied because *Watson* does not set forth a new rule of constitutional law. Rather, Petitioner argues that *Watson* sets forth an intervening change in substantive law that has subsequently rendered non-criminal conduct for which he claims he has been convicted under 18 U.S.C. § 924(c)1, and thereby allows him to seek relief pursuant to § 2241 in federal court.

The Court agrees that the circumstances existing in this case present the precise situation wherein resort to § 2241 is still available. *See Rinaldi v. Zickefoose,* 532 F. App'x 64, 65 (3d Cir. 2013) (finding § 2241 available in raising a *Watson* claim, where petitioner could not have raised *Watson* in earlier § 2255 motion; prior 2255 motions were dismissed for lack of jurisdiction; and motion to file second or successive petition denied because *Watson* did not establish a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court). Petitioner asserts a claim of actual innocence based upon the Supreme Court's holding in *Watson* representing an intervening change in substantive law which deems his conduct no longer criminal, coupled with Petitioner having no prior opportunity to make a showing of his innocence in that *Watson* was decided after he pursued § 2255 relief and his request to file a successive § 2255 motion has been denied. For these reasons, the merits of the pending § 2241 motion will now be addressed.

## B. Merits of *Watson* challenge

Petitioner was found guilty of possession with intent to distribute, in violation of 21 U.S.C. § 841, and conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. He does not challenge this portion of his conviction. Rather, Petitioner argues that he did not use a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c) and, as such, is actually innocent of Count Three based upon the holding by the Supreme Court in *Watson v. United States*, 552 U.S. 74 (2007). In *Watson*, the Court held that a criminal who trades his drugs in order to obtain a gun does not "use" a firearm during and in relation to a drug trafficking crime within the meaning of Section 924(c)(1)(A). In 1993, the Court answered the converse of that question differently in the case of *Smith v. United States*, 508 U.S. 223 (1993). In *Smith*, the Court held that a criminal who trades his firearm in order to obtain drugs "uses" the firearm during and in relation to a drug trafficking offense within the meaning of Section 924(c). In neither of these two cases however, was the Court confronted with the question of whether one who trades guns in order to obtain drugs or one who trades drugs in order to obtain guns "possesses" or "carries" (as opposed to "uses") a "firearm" in furtherance of" a "drug trafficking crime" within the meaning of Section 924(c).

Here, Respondent first maintains that there is clear evidence in the record that would support a jury's finding that Petitioner "used" a gun in relation to the drug trafficking crime, in violation of 18 U.S.C. § 924(c). Although trading drugs for a firearm may not be sufficient evidence to sustain a conviction under the "use" prong of § 924(c) in light of *Watson*, Respondent cites to the transcript of the court's charge to the jury at Holland's trial, which shows Holland's conviction on Count 3 comports with the holdings in both *Smith* and *Watson*. The District Court charged the jury as follows regarding aiding and abetting:

> A person may violate a law even though he or she has not personally committed each act constituting the offense if she or he aided and abetted the commission of the crime through others.
>
> To convict the defendant of aiding and abetting, the government must prove that the defendant associated himself with the venture, that he participated in it as something he wished to bring about, and that he sought by his action to make it succeed.

(Doc. 12-1 at 6, N.T. 536 at lines 13-21). The Court further charged the jury with the following:

> In Count 3, Jeffrey Holland was indicted under a statute which provides that any person who during and in relation to a drug crime uses or carries a firearm or who in furtherance of any such crime possesses a firearm shall be guilty of a crime.

(Doc. 12-1 at 7, N.T. 537 at lines 13-17). The Court then went on to recount for the jury the evidence that was presented by the government in support of that count of the indictment:

> The evidence concerning this count is based upon the testimony of Adrienne Stewart who testified I believe – but this is for you – in the fall of 1999, the defendant while accompanied by Shiranda Posey gave an amount of crack cocaine and money to Adrienne Stewart in exchange for a handgun.

(Doc. 12-1 at 7, N.T. 537 at lines 18-23). If this were all the Court said to the jury, it would appear to run afoul of the *Watson* holding. However, Judge Caldwell went on to instruct the jury as follows:

> In Count 3, Jeffrey Holland is also charged as an aider and abettor. As I have explained those terms to you before, although a defendant has not committed each and every element of the crime, he may be guilty of that crime if he helped or encouraged the crime with the intent that it be committed.

(Doc. 12-1 at 9, N.T. 539 at lines 10-15).

Further, this Court finds that Petitioner has taken an extremely narrow interpretation of *Watson*, which addressed a set of similar facts to those presented here, but with one significant difference. Although both Petitioner and the defendant in *Watson* exchanged drugs in return for a firearm, the defendant in *Watson* was charged only under 18 U.S.C. § 924(c)(1)(A), and not also under 18 U.S.C. § 2 as an aider and abettor. Petitioner ignores the fact that he was charged in Count Three,

not only with a violation under 18 U.S.C. § 924(c)(1) (A), but also under 18 U.S.C. § 2 with aiding and abetting, a violation of § 924(c)(1)(A).

There is nothing in § 924(c)(1)(A) or the aiding and abetting statute, 18 U.S.C. § 2, to suggest that a person may not be convicted and sentenced under § 924(c)(1)(A) for aiding and abetting another person's violation of the statute. In fact, post-*Watson*, the Supreme Court affirmed a conviction under § 924(c)(1)(A)(iii) and 2. *See Dean v. United States*, 556 U.S. 568 (2009); *see also United States v. Moreta*, 310 F. App'x 534, 536 (2009) ("We have held that an individual who does not personally use or carry a firearm may still be found guilty of violating 18 U.S.C. § 924(c)(1) on an aiding and abetting theory if the actions of the defendant who did use or carry a firearm were sufficiently intertwined with, and his criminal objectives furthered by, the actions of the participant who did carry and use the firearm.") (quoting *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir.2002)).

As such, pursuant to § 2, Petitioner could be held liable for another person's violation of § 924(c) if Petitioner's actions were sufficiently intertwined with, and his criminal objectives furthered by, the actions of the participant(s) who did carry and use the firearm. *Moreta*, 310 F. App'x at 536. In the case at bar, the evidence established that Holland solicited Stewart to commit a violation of 924(c) by asking

her to trade him a firearm for drugs. Stewart was guilty of that offense as per *Smith* and *Watson*. The jury was correctly instructed that Holland was likewise guilty of that offense if he aided and abetted its commission by Stewart, which Holland did. Consequently, Petitioner is not entitled to habeas relief.

## III. Conclusion

Based on the foregoing reasons, the Court finds that Petitioner's habeas corpus petition is without merit. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge