IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY HOLLAND, | No. 3:17-CV-01301 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| J. BALTAZAR, | |
| Respondent. | |

MEMORANDUM OPINION

NOVEMBER 22, 2021

I.   BACKGROUND

In 2002 Jeffrey Holland was convicted—following a jury trial—of numerous crimes including, as relevant here, using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1] The § 924(c) conviction arose after one of the individuals to whom Holland sold drugs—Adrienne Stewart—traded a firearm to Holland in exchange for eighty dollars and 3.5 grams of cocaine base.[2] Holland was ultimately sentenced to two consecutive life terms of imprisonment, along with a consecutive sixty-month term of imprisonment for the § 924(c) conviction.[3]

Holland filed an unsuccessful 28 U.S.C. § 2255 motion in 2005, which was followed by several unsuccessful § 2241 petitions. Finally, in 2017 Holland filed

---

[1] Doc. 33-2 at 3.
[2] *Id.*
[3] *Id.*

this § 2241 petition arguing that his § 924(c) conviction is now invalid based upon the United States Supreme Court's decision in *Watson v. United States*,[4] wherein the Supreme Court held that a person does not use a firearm pursuant to § 924(c) when he sells drugs and receives a firearm in return, although he does use a firearm if he sells that firearm for drugs.[5] Holland argues that, as a result of *Watson*, he is now actually innocent of his § 924(c) conviction.[6]

In March 2019, this Court denied Holland's petition.[7] Although the Court found that Holland's claim was properly raised in a § 2241 petition,[8] it denied the petition after concluding that Stewart had violated § 924(c) by trading a firearm for drugs, and Holland was guilty of using a firearm in relation to a drug trafficking offense because he had aided and abetted Stewart when she violated § 924(c).[9]

Holland appealed that determination and, in May 2021, the United States Court of Appeals for the Third Circuit reversed this Court's decision.[10] The Third Circuit concluded that, based upon the available evidence, "Stewart might not have violated § 924(c)."[11] Although the Third Circuit acknowledged that Stewart had used a firearm by trading it for cocaine base, it noted that she would only have used a

---

[4] 552 U.S. 74 (2007).
[5] Doc. 1.
[6] *Id.*; Doc. 15; Doc. 49 at 3.
[7] Docs. 27, 28.
[8] Doc. 27 at 9-11.
[9] *Id.* at 12-16.
[10] Doc. 33.
[11] Doc. 33-2 at 9.

2

firearm in relation to a drug trafficking crime if the drug offense that she committed was a felony.[12] Because Stewart purchased 3.5 grams of cocaine base, that offense would be a felony if Stewart had a prior conviction for possessing cocaine base, which was not clear based upon the record before the Third Circuit.[13] Since Stewart may not have violated § 924(c), Holland likewise may not have violated § 924(c), as "[h]e could not have aided or abetted Stewart in a crime that she did not commit."[14]

Because it was not clear on the record that Holland had violated § 924(c), the Third Circuit vacated this Court's decision and remanded the matter so that this Court could "consider Stewart's conduct" and determine whether Stewart's possession of 3.5 grams of cocaine base was a felony offense such that Holland aiding and abetting that offense could support his § 924(c) conviction.[15]

Upon remand, this Court scheduled an evidentiary hearing to permit Respondent to present evidence related to whether Stewart's prior criminal history supported the notion that her possession of cocaine base was a felony; that hearing was held on November 10, 2021.[16] At the hearing, and in a submission to the Court prior to the hearing, Respondent presented Stewart's criminal record, which contains

---

[12] *Id.* at 9-10.
[13] *Id.* at 10.
[14] *Id.* at 11.
[15] *Id.* at 12.
[16] Docs. 45, 54.

3

a 1993 Pennsylvania state court conviction for unlawful delivery of an imitation controlled substance, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30).[17]

Prior to the evidentiary hearing, Holland filed a motion *in limine* seeking to preclude Respondent from introducing any new evidence on remand.[18] Specifically, Holland contends that, on remand, new evidence may be introduced only after the Court considers whether Respondent provided an adequate explanation for failing to produce such evidence previously, and whether there is prejudice to Holland—both of which weigh against admitting any new evidence.[19] Holland further argues that, even if the Court considers any new evidence, his § 2241 petition should be granted because no reasonable juror could have convicted him of aiding and abetting Stewart's violation of § 924(c) by simply purchasing a firearm from her.[20]

Respondent contends that new evidence may be admitted, as the general rule against reopening the record on remand is inapplicable given the nature of this case. Although it is generally true that the record may not be reopened on remand, Respondent argues that, because Holland asserts actual innocence, the Court must consider all evidence, and not simply the existing record—which necessarily means that Respondent must be permitted to offer new evidence into the record on remand.[21] Respondent further argues that the Third Circuit *sub silentio* "affirmed the

---

[17]   Doc. 52.
[18]   Doc. 48.
[19]   Doc. 49 at 7-14.
[20]   *Id.* at 14-17.
[21]   Doc. 50 at 3-6.

4

[C]ourt's application of the aider/abettor analysis" and, because Stewart violated § 924(c), this Court should deny Holland's § 2241 petition on the ground that he aided and abetted Stewart in violating § 924(c).[22]

Holland has filed a reply brief, and the matter is now ripe for resolution.[23] For the following reasons, the Court concludes that: Respondent may supplement the record with additional evidence; the additional evidence confirms that Stewart violated § 924(c); and Holland aided and abetted Stewart in her violation and therefore was himself properly convicted of violating § 924(c). Accordingly, both Holland's motion *in limine* and his § 2241 petition will be denied.

**II.   DISCUSSION**

   **A.   Whether Respondent May Supplement the Record**

First, the parties disagree on whether Respondent should be permitted to submit new evidence on remand. Holland relies on a series of criminal cases which hold that the record ordinarily should not be reopened on remand.[24] It is certainly true that the Government "ordinarily is only afforded one opportunity to carry its burden" at sentencing, and the Third Circuit holds a general "distaste for a second bite at apple" in sentencing matters.[25] Accordingly, as a general matter, supplementation of the record will be permitted only "when the Government has

---

[22]   *Id.* at 7.
[23]   Doc. 55.
[24]   Doc. 49 at 7-9.
[25]   *United States v. Rowe*, 919 F.3d 752, 762-63 (3d Cir. 2019) (internal citations and quotation marks omitted).

tendered a persuasive reason why fairness requires that the sentencing court provide the government with an additional opportunity to present evidence on remand."[26] In determining whether to reopen a proceeding, courts must consider both "the paramount factor . . . [of] whether reopening, if permitted, would prejudice the party opposing it" and whether the party that seeks to reopen the record has "provide[d] a reasonable explanation for its failure to initially present the evidence."[27]

However, Holland's argument against reopening the record fails for two reasons. First, the Third Circuit's instructions on remand are not nearly as ambiguous as Holland believes. The Third Circuit stated that it could not "tell whether Stewart was guilty of § 924(c) *without more facts*" and therefore directed this "Court to look into this issue."[28] The clear implication of this language is that the Court must obtain additional facts to aid in a determination of whether Stewart violated § 924(c).

Second, even if the Third Circuit's remand instructions were ambiguous, this matter comes before the Court in a unique procedural posture, as Holland asserts that he is actually innocent of his § 924(c) conviction.[29] This renders inapplicable the Third Circuit's general aversion to reopening the record on remand.

To sustain a claim of actual innocence, "[a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would

---

[26]   *Id.* at 763 (brackets, ellipsis, and internal quotation marks omitted).
[27]   *United States v. Smith*, 751 F.3d 107, 114 (3d Cir. 2014).
[28]   *Holland*, 998 F.3d at 76 (emphasis added).
[29]   Doc. 15.

6

have convicted him.'"[30] A "petitioner may demonstrate 'actual innocence' by pointing to post-conviction decisions 'holding that a substantive criminal statute does not reach his conduct.'"[31] However, the United States Supreme Court has iterated that "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."[32] Consequently, "the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during" any earlier proceedings.[33]

The plain reading of the Supreme Court's holding is that a respondent—or a petitioner—may always supplement the record with evidence that is relevant to the question of whether the petitioner is actually innocent, even on remand. To hold

---

[30] *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo,* 513 U.S. 298, 327-28 (1995)).

[31] *United States v. Davies*, 394 F.3d 182, 192 (3d Cir. 2005) (quoting *Bousley*, 523 U.S. at 620 (brackets omitted)). Although Holland argues that only "new" evidence may be admitted in cases that argue actual innocence, Doc. 55 at 3-6, the Third Circuit's decision in *Davies* makes clear that the general rule regarding "new" evidence does not apply when a claim of actual innocence is based on a post-conviction decision, rather than newly discovered evidence. *Davies*, 394 F.3d at 192.

[32] *Bousley*, 523 U.S. at 623.

[33] *Id.* at 624. *See also United States v. Tyler*, 732 F.3d 241, 253 (3d Cir. 2013) ("On remand, the District Court shall conduct an evidentiary hearing, in accordance with *Bousley,* to allow Tyler to prove his claim of actual innocence. Tyler is free to 'rest on the record as it now stands,' and the Government may present additional admissible evidence to refute Tyler's actual innocence claim"); *Davies*, 394 F.3d at 192 (noting that "[t]he District Court properly . . . and, in accordance with *Bousley,* held an evidentiary hearing at which the Government was permitted to introduce evidence demonstrating that Davies was not actually innocent of" his crime of conviction); *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999) (noting that the Supreme Court in *Bousley* held that "[t]he government was not limited to the record on remand because the defendant had to establish that he was actually innocent").

otherwise would be to ignore the Supreme Court's clear instruction that courts must account for "all the evidence" in reaching a determination.[34] It would be, at best, counterintuitive to ignore compelling evidence of guilt or innocence when determining whether an individual is "actually innocent" of his crime of conviction. Consequently, the Court concludes that Respondent may supplement the record on remand with additional evidence related to Holland's guilt, and the Court will account for that evidence in reaching a decision with respect to Holland's § 2241 petition.

### B. Merits of Holland's Petition

Turning to the merits of Holland's § 2241 petition, as previously noted, Holland was convicted of using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). That section provides, in relevant part, that "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime" be sentenced to a mandatory minimum term of five years' imprisonment.[35] That statute further defines a drug trafficking crime as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import

---

[34] *Bousley*, 523 U.S. at 623.
[35] 18 U.S.C. § 924(c)(1)(A).

and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."[36] A felony is any offense for which the maximum term of imprisonment exceeds one year.[37]

As the Third Circuit noted on appeal, given the unique posture of this case, the only offense that could properly undergird Holland's § 924(c) conviction is the offense of aiding and abetting Stewart in her violation of § 924(c) when she traded a firearm to Holland in exchange for cocaine base.[38] And, as the Third Circuit further noted, since Stewart only purchased/possessed 3.5 grams of cocaine base, Holland could only have aided and abetted Stewart in committing a felony if Stewart had previously been convicted of certain qualifying crimes, such as possession of cocaine base.[39]

The possession of 3.5 grams of cocaine base generally constitutes only a misdemeanor offense.[40] However, possessing cocaine base becomes a felony offense under two subsections of 21 U.S.C. § 844(a). First, as the Third Circuit emphasized on appeal, Stewart's conduct would constitute a felony under the 1996 version of § 844(a) if she had previously been "convicted under this subsection for the possession of a mixture or substance which contains cocaine base."[41] Second, the 1996 version of § 844(a) provides that, if an individual violates that Section "after a

---

[36] *Id.* § 924(c)(2).
[37] 18 U.S.C. § 3559(a); *Folajtar v. Att'y Gen. of the U.S.*, 980 F.3d 897, 900 (3d Cir. 2020).
[38] *Holland*, 998 F.3d at 76.
[39] *Id.* at 75-76.
[40] 21 U.S.C. § 844(a) (1996).
[41] *Id.*

9

prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years."[42]

The evidence submitted by the Government demonstrates that Stewart was convicted in 1993—prior to the events that gave rise to Holland's conviction—for unlawful delivery of an imitation controlled substance, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30).[43] This plainly qualifies as a "conviction for any drug, narcotic, or chemical offense chargeable under the law of any State."[44] Because Stewart had a prior qualifying offense, her possession of cocaine base was a felony under § 844(a), and she therefore violated § 924(c) by using a firearm in furtherance of that felony offense.

Holland nevertheless argues that, even if Stewart violated § 924(c), no reasonable juror could have convicted him of aiding and abetting Stewart in that criminal act, as they were not confederates.[45] The Supreme Court has held that, to find an individual guilty for aiding and abetting a violation of § 924(c), the Government must prove "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would

---

[42] *Id.*
[43] Doc. 52.
[44] 21 U.S.C. § 844(a) (1996).
[45] Doc. 49 at 14-17.

10

use or carry a gun during the crime's commission."[46] Advance knowledge "means knowledge at a time the accomplice can do something with it—most notably, opt to walk away."[47] "[I]f a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge."[48]

Under that standard, Holland clearly aided and abetted Stewart in violating § 924(c). Holland knew that Stewart was attempting to use a firearm in connection with a drug trafficking offense, as Stewart was trading the firearm *to Holland* in exchange for cocaine base, and Holland directly aided that crime by trading the cocaine base to Stewart.[49] Importantly, Holland was not simply facilitating the purchase of cocaine base, which would not have rendered he and Stewart confederates. Rather, he was facilitating the use of a firearm during a drug trafficking crime, which is not part and parcel of a simple sale of drugs. Because Holland "actively participated in the underlying drug trafficking . . . crime" by selling the cocaine base to Stewart in exchange for the firearm, and did so "with advance knowledge" that Stewart, his "confederate[,] would use or carry a gun during the crime's commission," the evidence is sufficient to establish Holland's liability as an

---

[46] *Rosemond v. United States*, 572 U.S. 65, 67 (2014).
[47] *Id.* at 78.
[48] *Id.* at 78 n.9.
[49] Holland also had advance knowledge that Stewart was attempting to use a firearm in relation to the drug trafficking crime. As the Third Circuit noted, Stewart called Holland to inform him that she had a firearm, *Holland*, 998 F.3d at 72, which gave Holland ample opportunity to "walk away" before Stewart committed her § 924(c) offense.

11

aider and abetter.[50]

While Holland argues that Stewart was not his confederate, the Third Circuit has already addressed this exact scenario, albeit in an unpublished opinion. In *Solomon v. Warden Lewisburg USP*, that court considered the merits of a § 2241 petition in which petitioner sought "to vacate one of his convictions pursuant to 18 U.S.C. §§ 2 and 924(c)(1)(A) based on the Supreme Court's decision in *Rosemond v. United States*."[51] The Third Circuit noted that "[a]t Solomon's trial, the Government presented evidence that Solomon exchanged cocaine for a fully loaded Glock semiautomatic firearm from Keith Edwards; Solomon was familiar with the firearm before he arranged the exchange with Edwards."[52] "The trial court instructed the jury that Solomon would be liable for aiding and abetting a § 924(c) offense if Edwards knowingly traded his firearm for drugs and Solomon knew of and facilitated that trade."[53] The court concluded that "the record does not support Solomon's claim of actual innocence" because "the record evidence indicates that Solomon had advance knowledge of the use of a gun in a drug trafficking crime when he facilitated the firearm exchange with Edwards."[54]

---

[50] *Rosemond*, 572 U.S. at 67.
[51] *Solomon v. Warden Lewisburg USP*, 764 F. App'x 140, 141 (3d Cir. 2019).
[52] *Id.*
[53] *Id.*
[54] *Id.*

Here too Holland exchanged cocaine base for a firearm from Stewart.[55] And, similar to *Solomon*, the jury here was instructed that Holland may be convicted of violating § 924(c) if the jury found that "he helped or encouraged the crime with the intent that it be committed" with respect to his actions in giving "an amount of crack cocaine and money to Adrienne Stewart in exchange for a handgun."[56] The evidence, like the evidence presented in *Solomon*, is sufficient for a reasonable juror to have concluded that Holland aided and abetted Stewart in violating § 924(c). Therefore, the evidence does not establish that Holland is actually innocent of his § 924(c) conviction.

This determination is in accordance with the Third Circuit's decision on appeal. In Holland's initial brief, he argued that, even if Stewart had violated § 924(c) when she traded the firearm for cocaine base, no reasonable juror could conclude that Holland had aided and abetted that offense, as there was no evidence that the two were confederates.[57] After the Third Circuit issued its opinion in this matter without addressing that argument, Holland filed a petition for a panel rehearing, asserting that the Third Circuit's opinion "overlooks the impact of *Rosemond v. United States*, . . . as well prior precedential opinions from this Court, with respect to whether Holland is actually innocent of aiding and abetting the

---

[55] *Holland*, 998 F.3d at 72.
[56] Doc. 27 at 13-14.
[57] Brief for Appellant at 36-40, *Holland v. Warden Canaan USP*, No. 19-1800 (3d Cir. July 29, 2020), ECF No. 45.

charged violation of 18 U.S.C. § 924(c), even if Adrienne Stewart committed that offense."[58] The Third Circuit denied that petition and expressed no view on the issues raised by Holland.[59]

Although the Third Circuit declined to expressly rule on Holland's arguments, it likewise did not adopt those arguments, and remanded this matter for the Court to determine if Stewart violated § 924(c). The Third Circuit's decision to remand the matter with specific instructions to investigate Stewart's conduct would make little sense if the result of Holland's petition would be the same regardless of whether Stewart violated § 924(c). This is so because the Third Circuit generally will not remand a matter if "any remand would be futile."[60] The fact that the Third Circuit declined to adopt Holland's arguments—arguments that would have been dispositive of this case regardless of whether Stewart violated § 924(c)—and instead remanded this matter for the Court to determine whether Stewart violated § 924(c), supports the conclusion that the Third Circuit believed that the elements of aiding and abetting were satisfied by Holland's conduct.

Holland cites primarily to two cases in opposition to this conclusion. However, both cases are inapposite. First, Holland cites to *Abuelhawa v. United*

---

[58] Appellant's Petition for Panel Rehearing at 1-2, *Holland v. Warden Canaan USP*, No. 19-1800 (3d Cir. June 28, 2021), ECF No. 78.
[59] *Holland v. Warden Canaan USP*, No. 19-1800 (3d Cir. July 1, 2021).
[60] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also CBS Corp. v. F.C.C.*, 663 F.3d 122, 170 (3d Cir. 2011) ("remand is not required where a proper application of the correct standard could yield only one possible result" (Scirica, J., dissenting)).

14

*States*, wherein the Supreme Court held that "[w]here a transaction like a sale necessarily presupposes two parties with specific roles . . . it would be odd to speak of one party as facilitating the conduct of the other."[61] That opinion, however, determined that an individual may not commit a felony through facilitating the distribution of controlled substances merely by arranging to purchase those controlled substances, and limited the Government from attempting to convert clear misdemeanor conduct into a felony offense.[62] Here, however, the § 924(c) offense does not rely on a sale that presupposes two specific roles. Nothing about Stewart's role as a drug purchaser necessitated a violation of § 924(c), and nothing about Holland's role as the seller in that transaction required that he aid Stewart in violating § 924(c). It was their independent decision to involve a firearm in the transaction that elevated the seriousness of the offense, and brought it outside the ambit of an ordinary buyer-seller transaction.

Second, Holland cites *United States v. Swiderski*, a case that addressed the question of "whether joint purchasers and possessors of a controlled substance, who intend to share it between themselves as users, may be found guilty of the felony of possession 'with intent to distribute' . . . as distinguished from simple possession in violation of § 844, which is a misdemeanor."[63] The United States Court of Appeals

---

[61] 556 U.S. 816, 820 (2009).
[62] *Id.* at 818.
[63] 548 F.2d 445, 427 (2d Cir. 1977).

for the Second Circuit answered in the negative, concluding that an "agent who delivers to his principal performs a service in increasing the distribution of narcotics" since, without "the agent's services the principal might never come into possession of the drug. Purchasers who simultaneously acquire a drug jointly for their own purpose, however, do not perform any service as links in the chain; they are the ultimate users."[64] To find that one person aided and abetted the other "would be to write out of the Act the offense of simple possession, since under such a theory every drug abuser would be liable for aiding and abetting the distribution which led to his own possession."[65] Again, however, those circumstances are different from those between Holland and Stewart. Stewart was actually committing a felony offense and, by accepting a firearm from Stewart, Holland aided Stewart in committing a felony § 924(c) offense that was distinct from a simple drug transaction. This is markedly different from two individuals who simply jointly purchase a controlled substance.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Stewart committed a felony when she possessed 3.5 grams of cocaine base and, accordingly, violated 18 U.S.C. § 924(c). The Court further concludes that Holland aided and abetted that violation, and he has therefore failed to demonstrate that he is actually innocent of

---

[64] *Id.* at 451.
[65] *Id.*

his § 924(c) conviction. Consequently, the Court will deny Holland's motion *in limine*, and deny his § 2241 petition.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge